FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 21, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-CR-00040-TOR-1 |
| Plaintiff, | ORDER FOLLOWING DETENTION REVIEW HEARING |
| v. | |
| RAYMOND KEITH HEWLETT, | **MOTION GRANTED** (ECF No. 43) |
| Defendant. | |

On June 16, 2022, the Court held a detention review hearing to consider Defendant's Motion to Modify Conditions of Release, **ECF No. 43.** Defendant appeared out of custody and was represented by Assistant Federal Defender Lorinda Youngcourt. Assistant U.S. Attorney Michael Ellis represented the United States. U.S. Probation Officer Erik Carlson was also present.

Defendant, through counsel, made factual proffers and presented argument for Defendant's continued release. The United States made factual proffers and proffered United States' Response to Defendant's Motion to Modify Conditions of Release, ECF No. 46, and argued for Defendant's return to custody. United States Probation does not oppose Defendant's continued release and believes the Court could fashion conditions that will reasonably assure Defendant's presence and reasonably assure the safety of the community.

The Court has reviewed the Pretrial Services Report (ECF No. 8); the Supplemental Pretrial Services Report (ECF No. 17); Defendant's Motion to

ORDER - 1

Modify Conditions of Release (**ECF No. 43**); United States' Response to Defendant's Motion to Modify Conditions of Release (ECF No. 46); and the arguments and proffers of counsel.

This Court has taken into account the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

The Court finding good cause, **IT IS ORDERED** Defendant's Motion to Modify Conditions of Release and Motion to Expedite, **ECF No. 43** is **GRANTED**. Defendant shall be released subject to the following conditions:

### STANDARD CONDITIONS OF RELEASE

**(1)** Defendant shall not commit any offense in violation of federal, state, or local (including tribal) law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall immediately advise the Court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

ORDER - 2

**(4)** Defendant shall remain in the Eastern District of Washington while the case is pending. Defendant may be permitted to travel outside this geographical area *with advance notice and approval* from U.S. Probation.

**(5)** Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(6)** Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

**(7)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(8)** Defendant shall contact defense counsel at least once a week.

**(9)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(10)** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**(11)** Defendant shall surrender any passport and enhanced driver's license to Pretrial Services and shall not apply for replacements.

### ADDITIONAL SPECIAL CONDITIONS OF RELEASE

**(12)** Defendant shall participate and complete any outpatient treatment as directed by the United States Probation/Pretrial Services Office.

**(13)** Defendant shall refrain from any use of alcohol. There shall be no alcohol in the home where Defendant resides.

ORDER - 3

**(14)** Defendant shall submit to random urinalysis and/or breathalyzer testing as directed by the United States Probation/Pretrial Services Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

**(15)** Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing.

**(16)** If Defendant terminates any treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer, and Defendant shall immediately return to the custody of the U.S. Marshal.

**(17)** Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers. This condition excludes Defendant's wife.

**(18)** Defendant shall maintain or actively seek lawful employment.

A **Status Hearing is set for August 2, 2022, at 1:30 p.m.** before the undersigned.

**IT IS SO ORDERED.**

DATED June 21, 2022.



JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4